UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND WATISON, ) | |
| ) | |
| Plaintiff, ) | 3:09-cv-00664-ECR-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MARY CARTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a *pro se* civil rights complaint on September 24, 2009, in the First Judicial District Court of the State of Nevada in the County of Carson. Defendants Mary Carter, Craig Medieros, Don Helling, Joseph Rodriguez, Sean LeGier, Danilo Santos, Christine Carmazzi, and Rosa Rodriguez were served October 9, 2009. Defendants filed a Notice of Removal in this Court on November 9, 2009. (Docket #1). "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has alleged violations of his rights under the U.S. Constitution. This Court now reviews the complaint. (Docket #1, Exhibit B).

I.     **Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     The Instant Complaint

Plaintiff names the following defendants in the complaint: Mary Carter, Craig Medieros, Don Helling, Joseph Rodriguez, Sean LeGier, Danilo Santos, Christine Carmazzi, and Rosa Rodriguez. Plaintiff was incarcerated a Nevada State Prison during all times relevant to the complaint. Plaintiff seeks declaratory and monetary relief against defendants. Plaintiff also seeks injunctive relief to prevent alleged violations of his rights.

**A. Count I**

Plaintiff alleges that on May 5, 2009, defendant LeGrier entered his cell and searched it. Plaintiff alleges that LeGrier rubbed his thigh against plaintiff's thigh. Defendant LeGrier then left plaintiff's cell laughing. Plaintiff alleges that this violated his Eighth Amendment rights, characterizing defendant LeGrier's behavior as inhumane and oppressive. (Compl., at p. 9).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). In Count I of the instant complaint, the facts alleged by plaintiff – that defendant LeGrier searched his cell, rubbed his thigh against plaintiff's thigh, and left the cell laughing – do not support an Eighth Amendment claim. Count I is dismissed with prejudice.

**B. Count II**

Plaintiff alleges that on July 30, 2009, and again on August 11, 2009, defendant LeGrier refused to give him breakfast at his cell. Plaintiff alleges that LeGrier and spoke profanities to him. Plaintiff claims that this constitutes retaliation, cruel and unusual punishment, and a violation of equal protection. (*Id.*).

Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Moreover, an isolated incident of an inmate not receiving a scheduled meal does not rise to the level of Eighth Amendment cruel and unusual punishment. Plaintiff has failed to allege any facts to indicate either retaliation or a violation of equal protection. Count II is dismissed with prejudice.

**C. Count III**

Plaintiff alleges that on July 7, 2009, defendant Santos became angry with plaintiff when he asked him to call a sergeant regarding the Rastafarian service that day. Plaintiff filed an

emergency grievance. Defendant Santos told plaintiff that his "emergency grievance isn't going to stand." Plaintiff characterizes this as retaliation violating the First Amendment and a "reckless threat" violating the Eighth Amendment. (Compl., at p. 11).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff has alleged no facts in Count III to support an Eighth Amendment claim against defendant Santos. Regarding defendant Santos' comment to plaintiff, mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Count III is dismissed with prejudice for failure to state a cognizable claim.

   **D. Count IV**

Plaintiff alleges that on July 5, 2009, correctional officer Joseph Rodriguez yelled at plaintiff as his unit was lining up to go to the culinary for a meal. Plaintiff claims that this was assault and violated the Eighth Amendment. (Compl., at p. 13). Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff has alleged no facts to support an Eighth Amendment claim against defendant Joseph Rodriguez, therefore, Count IV is dismissed with prejudice.

   **E. Count V**

Plaintiff alleges that on May 27, 2009, he filed a complaint against correctional officer Rosa Rodriguez. According to plaintiff, defendant Mary Carter then came to his unit and took him into an office. Defendant Carter yelled at plaintiff. Defendant Carter then ordered correctional officer Medieros to put plaintiff in handcuffs and take him to administrative segregation. Plaintiff alleges that on May 29, 2009, he had a parole board hearing, and he attended the hearing in chains and an orange jumpsuit. Plaintiff alleges that because he was in administrative segregation when his parole hearing took place, he was denied parole. Plaintiff alleges that this violated the Eighth Amendment, Fifth Amendment, Fourteenth Amendment, and First Amendment, describing it

as "due process [violation], retaliation, cruel and unusual punishment."  (Compl., at pp. 14-15).

Plaintiff fails to state a claim against either defendant Rosa Rodriguez or defendant Mary Carter for violation of his constitutional rights.  The claim regarding defendant Carter yelling at plaintiff fails to state a claim, as mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).  Placement in administrative segregation does not implicate a deprivation of liberty in violation of the Due Process Clause.  *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).  Plaintiff has alleged no facts to support his claim of retaliation or cruel and unusual punishment.  Regarding plaintiff's allegations concerning his parole hearing, there is no liberty interest in being released on parole.  *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983), *abrogated in part on other groups by Sandin v. Connor*, 515 U.S. 472 (1995); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Neal v. Shimoda*, 131 F.3d 818, 828 (9th Cir. 1997); McQuillion v. Duncan, 306 F.3d 895, 901-03 (9th Cir. 2002) (explaining that the test for liberty interests articulated in *Sandin*, 515 U.S. 472, does not apply to prisoners' liberty interests in parole).  As such, plaintiff's allegations fail to state a cognizable civil rights claim.  Plaintiff fails to state a cognizable claim against defendants Carter and Medieros.  Count V is dismissed with prejudice.

**F.  Count VI**

Plaintiff alleges that on July 13, 2009, he was issued a notice of classification hearing "to debate if I should remain in a segregated unit or [be] released to general population." (Compl., at p. 16).  Defendant Carmazzi conducted the hearing.  Plaintiff alleges that defendant Carmazzi made calls to other prison officials and she discussed "past issues with Associate Warden Mary Carter."  Plaintiff alleges that defendant Carmazzi denied his request for a witness.  Plaintiff alleges that defendant Carmazzi violated his due process rights by denying his witness and by making phone calls to other prison officials. (Compl., at p. 16).

Placement in administrative segregation does not implicate a deprivation of liberty in violation of the Due Process Clause.  *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).  When a

5

prisoner is placed in administrative segregation, prison officials must, within a reasonable time afer the prisoner's placement, conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983), *abrogated in part on other groups by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986). Before review, the prison must receive some notice and an opportunity to respond. *Hewitt v. Helms*, 459 U.S. at 476. The prisoner is not, however, entitled to an opportunity to present witnesses. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986). In the instant case, plaintiff's allegation that defendant Carmazzi refused to allow him to present a witness does not state a cognizable claim for violation of plaintiff's constitutional rights. Count VI is dismissed with prejudice.

**G.  Count VII**

Plaintiff alleges that on July 8, 2009, correctional officers Medieros and Nye inventoried plaintiff's property, as he was being transferred from general population to administrative segregation. (Compl., at p. 17). When plaintiff received his property, he alleges that two of his family photographs were missing. Plaintiff contends that defendant Medieros maliciously withheld or destroyed the missing photographs. (*Id.*). Plaintiff submitted a property claim form regarding the missing photographs. Plaintiff asserts that he was deprived of property in violation of his due process rights.

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer,* 468 U.S. 517, 533-534 (1984). In this instance, plaintiff alleges that he filed a claim with prison officials for the return of his property. The grievance process is sufficient to satisfy due process requirements concerning the damage of plaintiff's property. Count VII of the complaint fails to state a claim for a violation of plaintiff's constitutional rights and will be dismissed with prejudice.

### H. Count VIII

Plaintiff alleges that Don Helling, Assistant Director of Operations, denied his inmate grievances on appeal. (Compl., at p. 18). Plaintiff alleges that this constitutes an Eighth Amendment violation of cruel and unusual punishment and retaliation under the First Amendment. (*Id.*).

Plaintiff as alleged no facts to indicate either an Eighth Amendment violation or retaliation by defendant Helling. Regarding defendant Helling denying plaintiff's inmate grievances and/or appeals, prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Thus, a prison official's involvement and actions in reviewing an inmate's grievance cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Plaintiff may not maintain an action against defendant Helling based on his actions regarding plaintiff's inmate grievances and appeals. Count VIII is dismissed with prejudice, as there is no cognizable claim for violation of plaintiff's constitutional rights.

### I. Count IX

Plaintiff alleges that on May 20, 2009, defendant Rosa Rodriguez yelled at him and falsely accused him of calling her an expletive. (Compl., at p. 19). Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Count IX is dismissed with prejudice.

### III. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Docket #20 and #21)

Plaintiff has filed a motion for a preliminary injunction and temporary restraining order. (Docket #20 and #21).[1] Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

In the instant motion, plaintiff asserts that defendants Rosa Rodriguez, Joseph Rodriguez, and Sean LeGier have subjected him to verbal harassment and have taken other actions that mirror the allegations in the complaint. Plaintiff seeks an order preventing these three defendants from violating his constitutional rights. The facts and law do not favor plaintiff, as there is no probable success on the merits in this case. As discussed *supra*, the complaint fails to state a claim for violation of plaintiff's constitutional rights as to all defendants and all claims. In the motion for a preliminary injunction and temporary restraining order, plaintiff has not demonstrated the possibility of irreparable harm. Because there is no probable success on the merits and no possibility of irreparable harm, the motion for a preliminary injunction and temporary restraining order is denied.

In addition, plaintiff has filed several motions that are without merit and frivolous. These motions include: plaintiff's motion "to ask the court not to grant anymore extensions" (Docket #6); plaintiff's motion for investigation (Docket #11); plaintiff's motion for an extension of

---

[1] Plaintiff's motion for a preliminary injunction and temporary restraining order was docketed as two motions. As such, Docket #20 and #21 are identical.

time (Docket #13) to serve summons and complaint; plaintiff's motion for entry of default (Docket #14); plaintiff's "motion to grant relief sought in complaint against defendant Nye" (Docket #27); plaintiff's motion to compel the production of documents (Docket #30); plaintiff's "motion for funding to proceed with case" (Docket #36); and plaintiff's "motion for $100.00 legal copy work credit" (Docket #38).  Each of these motions lack merit and are denied.

**IV.  Conclusion**

  **IT IS THEREFORE ORDERED** that defendants' motion for screening of the complaint (Docket #2) and motion for an extension (Docket #3) are **GRANTED.**

  **IT IS FURTHER ORDERED** that plaintiff's motion "to ask the court not to grant anymore extensions" (Docket #6) is **DENIED.**

  **IT IS FURTHER ORDERED** that defendants' motion for an extension of time (Docket #8) to file the joint status report is **GRANTED**, *nunc pro tunc*, to the date of filing of status report.

  **IT IS FURTHER ORDERED** that plaintiff's motion for investigation (Docket #11) is **DENIED.**

  **IT IS FURTHER ORDERED** that defendants' motion to strike (Docket #12) plaintiff's motion for investigation is **DENIED**.

  **IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time (Docket #13) to serve summons and complaint is **DENIED.**

  **IT IS FURTHER ORDERED** that plaintiff's motion for entry of default (Docket #14) is **DENIED.**

  **IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction and temporary restraining order (Docket #20 and #21) is **DENIED.**

  **IT IS FURTHER ORDERED** that defendants' motion to strike (Docket #23) plaintiff's motion for a preliminary injunction and temporary restraining order is **DENIED**.

  **IT IS FURTHER ORDERED** that plaintiff's "motion to grant relief sought in

1  complaint against defendant Nye" (Docket #27) is **DENIED.**

2      **IT IS FURTHER ORDERED** that plaintiff's motion to compel the production of
3  documents (Docket #30) is **DENIED**.

4      **IT IS FURTHER ORDERED** that plaintiff's "motion for funding to proceed with
5  case" (Docket #36) is **DENIED.**

6      **IT IS FURTHER ORDERED** that plaintiff's "motion for $100.00 legal copy work
7  credit" (Docket #38) is **DENIED.**

8      **IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice as to
9  all counts and all defendants.

10      **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

11  Dated this 28th day of July, 2010.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE